UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PAUL BOCANEGRA,

    Plaintiff,

vs.

MATHEW CATE, Secretary, CDCR; DAVID RUNNELS, Undersecretary, CDCR; SCOTT KERNAN, Chief Deputy Secretary for Adult Operations, CDCR; RICK RIMMER, Assistant Secretary of Correctional Safety, CDCR; ROBERT A. HOREL, former warden, Pelican Bay State Prison; FRANCISCO JACQUEZ, Acting Warden, PBSP; D. W. BRADBURY, Acting Associate Warden, PBSP; DAYTON CONOVER, Correctional Plant Manager II; SCOTT SORENSON, Maintenance Supervisor; BOB McKINNEY, Supervisor of Trades; and M. A. COOK, Associate Warden, Business Services,

    Defendants.

No. C 09-0954 PJH (PR)

**ORDER OF SERVICE**

    This is a civil rights case brought pro se by a prisoner at Pelican Bay State Prison.

    In his original complaint, plaintiff complained that he was exposed to a risk of serious illness because every time the prisoner in the next cell flushed his toilet, some of the waste came up in his toilet. He is required by prison authorities to clean his toilet using a paper towel and spoonful of cleanser, without protective gear. He filed a state habeas case and ultimately prevailed; the prison was ordered to fix the problem. He alleged that in response the prison fitted "flush restrictors" and that they "ma[d]e the problem worse."

    The complaint was dismissed with leave to amend because plaintiff's contention that the flush restrictors made the problem worse was conclusory. Plaintiff has amended,

explaining that the restricors are timers that restrict the frequency with which prisoners can flush. He asserts that all of the defendants were aware from the evidence in the state court case that he won that timers would not solve the problem, and that in they have not solved it, providing detail. He asserts that defendants Runnels, Cate, Kernan, Rimmer refused to fund a repair project scheduled for 2004-08 that would have solved the problem, and instead funded a project to install the flush restrictors. These allegations are sufficient to proceed.

## CONCLUSION

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: Mathew Cate, Secretary, CDCR; David Runnels, Undersecretary, CDCR; Scott Kernan, Chief Deputy Secretary for Adult Operations, CDCR; and Rick Rimmer, Assistant Secretary of Correctional Safety, CDCR, all at CDCR headquarters in Sacramento. Also, service shall be made on Robert A. Horel, Warden, Pelican Bay State Prison; Francisco Jacquez, Acting Warden, PBSP; D. W. Bradbury, Acting Associate Warden, PBSP; Dayton Conover, Correctional Plant Manager II, PBSP; Scott Sorenson, Maintenance Supervisor, PBSP; Bob Mckinney, Supervisor of Trades, PBSP; and M. A. Cook, Associate Warden, Business Services, PBSP. Plaintiff states that they can be found at Pelican Bay State Prison in Crescent City.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

   c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

   d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  3. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  **IT IS SO ORDERED.**

Dated: March 16, 2012.

            PHYLLIS J. HAMILTON
            United States District Judge

G:\PRO-SE\PJH\CR.09\BOCANEGRA954.SERVE.wpd