UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

PAUL BOCANEGRA,

    Plaintiff,

vs.

MATHEW CATE, et. al.,

    Defendants.

No. C 09-0954 PJH (PR)

**ORDER GRANTING EXTENSION AND GRANTING MOTION TO DISMISS**

    This is a civil rights case filed pro se by a state prisoner. Defendants have filed a motion to dismiss on the grounds that this case is barred by the statute of limitations, it fails to state a claim upon which relief can be granted and it is barred by res judicata. Plaintiff has filed an opposition and defendants have replied. For the reasons set out below, the motion will be granted.

## BACKGROUND

    This action continues on the amended complaint (Docket No. 13) concerning conditions of confinement at Pelican Bay State Prison (PBSP). Plaintiff alleges that he was exposed to a risk of serious illness because every time the prisoner in the next cell flushed the toilet, some of the waste came up in plaintiff's toilet and he is required by prison authorities to clean his toilet using a paper towel and spoonful of cleanser, without protective gear. Plaintiff states that prison officials fitted the toilets with flush restrictors which are timers that restrict the frequency with which prisoners can flush, but that has not solved the problem. Plaintiff seeks money damages and injunctive relief. Plaintiff has since been transferred to another prison.

**DISCUSSION**

**I.      Res Judicata Standard**

The federal courts have traditionally adhered to the related doctrines of res judicata. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. The doctrine of res judicata, or claim preclusion, "'bars 'all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action.'" *C.D. Anderson & Co., Inc. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing *McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir. 1986)).

Under the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010) (same).

There is no exception to the rules of issue and claim preclusion for federal civil rights actions under 42 U.S.C. § 1983*.  See Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 788 n.9 (9th Cir. 1986).  The Supreme Court has made it clear that a § 1983 claim brought in federal court is subject to principles of issue and claim preclusion by a prior state court judgment.  *See Allen v. McCurry*, 449 U.S. 90, 97-98 (1980) (issue preclusive effect in federal court of state proceedings is same as that accorded in state's own courts); *Migra*, 465 U.S. at 84 (extending rule of *Allen* to cover claim preclusion as well as issue preclusion).

A civil rights action under § 1983 may be dismissed as barred by res judicata, for example, if a prior California state court judgment rendered a valid judgment on the merits in favor of a defendant.  *See Takahashi v. Bd. of Trustees*, 783 F.2d 848, 850-51 (9th Cir. 1986) (citing *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1976)).  It does not matter that the plaintiff had no opportunity to litigate the claim in a federal forum.  *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993).  State habeas proceedings also can have issue or claim

preclusive effect on later § 1983 actions. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) (state habeas proceeding precludes identical issue from being relitigated in subsequent § 1983 action if state habeas court afforded full and fair opportunity for issue to be heard).

Res judicata prohibits a second lawsuit involving the (1) same controversy (2) between the same parties or their privies (3) so long as the prior lawsuit was a final judgment on the merits. *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 896–97 (2002). It also applies to those claims which could have been litigated as part of the prior cause of action. *See Clark*, 785 F.2d at 786. A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

**Discussion**

On May 29, 2007, plaintiff filed a petition for writ of habeas corpus in Del Norte Superior Court concerning the defective plumbing at PBSP. Am. Compl. at 9. That petition was denied, and plaintiff filed a petition with the California Court of Appeals First District. *Id.* at 25. The allegations to the Court of Appeals were the same as the allegations of this action. *Id.* a 27-30. The Court of Appeals ordered defendants to show cause and they filed a response. *Id.* at 59-66. Plaintiff, who came to be represented by counsel, filed a traverse that contained the same allegations as this action. *Id.* at 69-85. The Del Norte Superior Court then granted the petition[1] and ordered defendants to repair the toilets and until fixed, disable the flush restrictors that restrict the frequency with which prisoners can flush. *Id.* at 91-92.[2]

---

[1] The court has taken judicial notice of the state court order granting the habeas petition (Docket No. 30, Exh. B) which was also an exhibit of plaintiff's amended complaint. Am. Compl. at 91-93.

[2] As this is a motion to dismiss, the court has only considered plaintiff's amended complaint and the attached exhibits. While it appears that defendants completed the plumbing repairs ordered by the state court, and while it could be discussed in a motion for summary judgment, it has no bearing in this motion.

3

Plaintiff's claims are barred by res judicata because the record shows that all elements of that doctrine are met. There is no doubt that both actions involved the same controversy between the same parties and there was a final judgment on the merits.[3] In his opposition, plaintiff concedes as much but contends however that the flush restrictor aspect of this action has never been litigated before. Opposition at 2. Yet, this issue was discussed in plaintiff's traverse to the state habeas petition and in the court order granting the habeas petition. Am. Compl. at 71, 92. "Until Phase Two of this project is concluded or further order of the Court, the timers which restrict the amount of times an inmate can flush a toilet shall be immediately disabled." *Id.* at 92.

Plaintiff seems to argue in his amended complaint and opposition that the flush restrictors were installed after and as a result of his state habeas petition and were a failed attempt to fix the plumbing by defendants without addressing the underlying plumbing problems. This argument is contradicted by plaintiff's own briefing in state court and the state court decision that was clearly aware of the flush restrictors and ordered they be disabled until the plumbing was fixed. Even if plaintiff had not brought the flush restrictor claim in state court, it would still be barred in this action as it could have been litigated as part of the prior cause of action. *See Clark*, 785 F.2d at 786.[4] This action is therefore barred by res judicata.

Regardless, the installation of or failure to remove flush restrictors as set forth in plaintiff's amended complaint and opposition fails to state a claim. Having to wait five minutes between flushes fails to state an Eighth Amendment violation, especially as plaintiff has not described any cognizable injury. Am. Compl. at 8; Opposition at 24. Plaintiff states

---

[3] The superior court granted the habeas petition on October 27, 2008, and plaintiff filed this action approximately four months later.

[4] Nor is it of consequence that plaintiff seeks money damages in this case, but money damages were unavailable in the state habeas petition. The unavailability of damages in the state habeas proceedings does not exempt those cases from the application of res judicata. *See City of Los Angeles v. Superior Court*, 85 Cal. App. 3d 143, 151 (1978) (litigant "cannot avoid the impact of the rule against splitting causes of action by choosing for his first foray a tribunal of limited jurisdiction."). Res judicata bars every claim or ground for recovery that might have been raised. *McClain*, 793 F.2d at 1034.

4

he is at risk of contracting a disease, yet he never contracted a disease and has since been transferred to another prison.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832.

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-733; *see, e.g.*, *Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), amended, 75 F.3d 448 (9th Cir. 1995).

While plumbing and sanitation problems can lead to a viable Eighth Amendment claim, plaintiff's allegations of five minute delays between toilet flushes which caused waste to remain in the toilet but no other injury, while unpleasant, does not state a constitutional claim. Nor can plaintiff pursue his claim that he is suffering a mental or emotional injury from the alleged inadequate plumbing. Under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). As

plaintiff has already been provided an opportunity to amend and it is clear further amendments would be futile no more amendments will be allowed.

## CONCLUSION[5]

1. Plaintiff's motion for an extension to file an opposition (Docket No. 31) is **GRANTED** and the opposition is deemed timely filed.

2. Defendants' motion to dismiss (Docket No. 28) is **GRANTED**.

**IT IS SO ORDERED.**

Dated: August 8, 2013

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.09\Bocanegra0954.mtd.wpd

---

[5] As the court has granted the motion to dismiss on the ground of res judicata and for failure to state a claim, the statute of limitations argument will not be addressed.